### DAVIS *v.* EVANS.

(*City Court of Brooklyn, General Term.*   May 25, 1891.)

WITNESS—IMPEACHMENT—WHEN PROPER.
  Contradictory statements made by defendant, and offered in evidence by plaintiff before defendant has presented himself as a witness, for the purpose of affecting defendant's credibility, are properly excluded.

Appeal from trial term.

Action by Frederick W. Davis against George W. Evans.   There was a verdict for defendant, and plaintiff appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Alex. McKinney*, for appellant.   *J. Stewart Ross*, for respondent.

VAN WYCK, J.   Plaintiff's counsel offered in evidence certain statements of defendant for the express purpose of solely affecting his credibility by showing that he had made conflicting statements, and the learned trial judge excluded them, on the ground that counsel had better defer this offer till the defendant had presented himself as a witness, for till then his credibility was not involved.   Upon such an exclusion we do not think error can be predicated. Even if it was error, it was cured by plaintiff's opportunity to offer the statements in evidence after defendant was made a witness, and by the actual offer and admission of the statements afterwards.   It seems to us that the exclusion of the question at folio 92 was proper.   It called upon the witness to express his conclusion that the pile of gravel pushed the wall down, and it did not assume correctly the facts and circumstances sworn to by any of the witnesses.   The counsel should have described the pile of gravel, its shape and size, and asked his mechanical expert the weight of pressure on the wall, and then described the wall, and asked him what weight of pressure the wall would resist.   But he, in fact, wanted this witness to decide the very question that the jury alone should have decided.   These are the only exceptions referred to in the points.   We do not think the verdict contrary to or against the weight of evidence, after a careful consideration of the testimony.   Judgment and order affirmed, with costs.