No. 12875

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

WAYNE THOMAS,

Defendant and Appellant.

---

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Jardine and McCarthy, Whitehall, Montana
Jack M. McCarthy argued, Whitehall, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Carl D. Kraft, Assistant Attorney General, argued,
Helena, Montana
Chester L. Jones, County Attorney, argued, Ennis,
Montana

---

Submitted: January 22, 1975

Decided: FEB 2 5 1975

Filed: FEB 2 5

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by defendant, Wayne Thomas, from a judgment of the district court, Madison County, sitting without a jury, convicting him of the crime of sale of dangerous drugs.

At 2:00 p.m. on February 22, 1974, Christy Johns, age 15, was brought before the Superintendent of the Twin Bridges High School. At that time, she was found to be in possession of a blue plastic box, within which was a plastic sandwich bag containing some green material, subsequently determined to be marijuana.

At trial, Miss Johns testified: That she and Rhonda Shelly approached defendant in the Blue Anchor Restaurant in Twin Bridges on February 20, 1974, and that the conversation concerned the purchase of marijuana from defendant; that she and Miss Shelly met with defendant at approximately 8:00 a.m. on February 22, 1974, at which time defendant transferred a plastic bag to Miss Shelly. Miss Johns stated she assumed the bag contained marijuana. Miss Shelly placed the bag in her sock. Miss Johns did not see the plastic bag again until about noon in the washroom of the Blue Anchor; that there Miss Shelly transferred to her the blue box, within which was a plastic bag and its contents, which she put in her sock. Miss Johns indicated she and Miss Shelly met with defendant, who was sitting alone at a booth at the Blue Anchor, between 12:15 and 12:20 p.m. on February 22, 1974, and they paid defendant the sum of $15.

Defendant catagorically denied he had ever met with Miss Johns and Miss Shelly either at approximately 8:00 a.m. or at noontime on February 22, 1974. Miss Shelly did not testify.

Bruce and Sheila Burke, husband and wife, testified they meet each day at noontime and have lunch at the Blue Anchor, often with defendant. They testified that neither Miss Johns

- 2 -

nor Miss Shelly ever came near their booth at any time they were having lunch with defendant. However, they were unable to recall whether or not they had lunch with defendant on February 22, 1974.

Mrs. Gage, a realtor, testified that she entered the Blue Anchor for lunch at approximately 12:25 or 12:30 p.m. on February 22, 1974, and saw defendant and Burkes eating lunch in the same booth. Mrs. Lovejoy, owner of the Blue Anchor, was working as a waitress on February 22, 1974. She testified that defendant did eat lunch with the Burkes on that day; that she saw no one go near the booth occupied by defendant and the Burkes; but added: "I mean, I was busy. I couldn't really say one way or the other."

The issues presented by defendant can be summarized:

(1) Whether the district court erred in admitting into evidence the blue plastic box containing the marijuana because it was not identified nor connected to defendant by competent evidence?

(2) Whether the district court erred in determining that the plastic bag taken from Miss Johns at 2:00 p.m. was the same plastic bag given to Miss Shelly at 8:00 a.m.?

(3) Whether the district court erred in determining that Miss Johns and Miss Shelly were in the Blue Anchor and paid $15 to defendant on February 22, 1974?

(4) Whether the evidence proved defendant guilty beyond a reasonable doubt?

The district court did not err in admitting into evidence the blue plastic box containing the marijuana. Defendant contends the state failed to establish by competent evidence that the plastic bag delivered to Miss Shelly contained marijuana; that it was the same plastic bag delivered to Miss Johns at

- 3 -

noontime; nor that it was the same plastic bag taken from Miss Johns. In other words, defendant urges that the state must establish a continuous chain of possession from the defendant to the Superintendent.

In support defendant cites Joyner v. Utterback, 196 Iowa 1040, 195 N.W. 594, wherein the Iowa court held that if one link in a chain of possession is missing the exhibit could not be introduced into evidence. That case should be distinguished, however, and the rule not applied in the present situation. In Joyner, authorities seized a certain bottle from petitioner's place of business and found it to be in violation of a statute prescribing alcohol by content. The state failed to establish a chain of possession from the time of confiscation until the time of introduction into evidence. The court required a complete chain of possession after confiscation by law enforcement officials.

However, here Miss Johns identified the plastic box and the plastic bag which were introduced by the state. Her testimony inexorably linked defendant to them. Defendant, however, simply alleges that the possibility of tampering existed while the plastic bag was in the possession of Miss Shelly. This mere conjecture by defendant is not sufficient to preclude the introduction of this evidence. Defendant's burden was to show affirmatively that tampering had taken place.

In State v. Olsen, 152 Mont. 1, 10, 445 P.2d 926, this Court said:

> "' * * *In each case the trial judge before he admits it in evidence must be satisfied that in reasonable probability the article has not been changed in important respects. Wigmore, Evidence, 3d Ed., § 437(1); 32 C.J.S. Evidence § 607. In reaching his conclusion he must be guided by the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it.'

" * * * A determination of whether a foundation
has been properly laid in order to introduce
exhibits into evidence rests with the lower court
and such a determination will not be overturned
unless there is a clear abuse of discretion, a
situation not present here."

We find no abuse of discretion on the part of the
district court in admitting into evidence the plastic box con-
taining the marijuana. The district court acted within its dis-
cretion as the trier of fact in determining that the plastic
bag taken from Miss Johns at 2:00 p.m. was the same as that
delivered to Miss Shelly by defendant that morning; that Miss
Johns and Miss Shelly were in the Blue Anchor and paid $15 to
defendant on February 22, 1974; and that defendant was guilty
beyond a reasonable doubt. Such decisions properly rested with
the trier of fact, giving whatever weight it deemed proper to
the evidence submitted to it.

After closing arguments, the district court indicated
the circumstances which compelled it to believe the testimony of
Miss Johns and discount the testimony of defendant's witnesses.
The testimony of Miss Johns, together with the other witnesses
for the state, was sufficient to support a finding of guilty be-
yond a reasonable doubt of the crime of sale of dangerous drugs.
Certainly, the giving or transfer of the marijuana, without even
considering the cash transfer, establishes the crime beyond a
reasonable doubt.

Finding no error, the judgment is affirmed.

_Wesley Castles_
_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices                    - 5 -