No. 85-619

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA,

        Plaintiff/Respondent,

    vs.

JOHN WALTON,

        Defendant/Appellant.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of McCone,
The Honorable Russell C. McDonough, Judge presiding.

COUNSEL OF RECORD:

    For Plaintiff/Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Joe R. Roberts, Assistant Attorney General, Helena,
Montana; Arnie A. Hove, McCone County Attorney,
Circle, Montana.

    For Defendant/Appellant:

        Francis J. McCarvel, Glasgow, Montana.

---

Submitted on Briefs: April 24, 1986

Decided: July 22, 1986

Filed: JUL 22 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a jury verdict in the District Court of the Seventh Judicial District in and for McCone County, Montana. The defendant was found guilty of a single felony count of conspiracy to commit sale of dangerous drugs and was sentenced to three years suspended, with conditions, in the Montana State Prison, and fined $8,000. We affirm.

The appellant, John Walton (Walton), his wife Ethel, and two of their sons, Fred and John Jay, were charged with two felony counts of sale (growing), conspiracy to sell and solicitation to sell dangerous drugs. The allegation was that Walton and the others charged had engaged in an illegal conspiracy to cultivate marijuana on the ranch owned by Walton in northern McCone County. Prior to trial the solicitation charge was dismissed as to Walton, John Jay, and Fred. At the conclusion of the State's case, the court granted defense counsel's motion to dismiss Ethel Walton as a defendant.

Walton's daughter, Donna Tyson, her minor children, her husband, Bobby Dale Tyson, and Tyson's brother, moved from Texas to an abandoned farmstead owned by Walton. After consulting with Walton about the proper location, they built a greenhouse and planted marijuana.

Cottonwood trees on Walton's property were used in the construction of the greenhouse. Walton permitted the use of his pump to supply the plants with necessary water. He paid for the materials to build an A-frame structure around the greenhouse in order to camouflage it. After the marijuana was planted, it was dried and stripped, divided into one-pound bags and taken by the Tyson brothers to Texas to be

2

sold. They were apprehended by Texas law enforcement officials and gave statements revealing the entire scheme.

The jury acquitted Fred Walton on all charges. John Jay Walton and John Walton were found guilty of conspiracy to commit criminal sale of dangerous drugs and John Jay also was found guilty of a lesser included offense, possession of dangerous drugs, a misdemeanor. John Walton is the only defendant to appeal.

Walton presents three issues on appeal: (1) Whether the trial judge erred in not granting a mistrial due to the erroneous and prejudicial remarks of the county attorney during voir dire of the jury; (2) whether the trial judge erred and abused his discretion in admitting one of the State's exhibits, because a sufficient chain of evidence was not established; and (3) whether accomplice testimony was properly corroborated.

Walton argues an improper remark made by the prosecutor during voir dire was prejudicial. The prosecutor said he had presented certain evidence to the District Judge to be reviewed prior to his granting the prosecutor permission to file charges. In fact he had presented only an affidavit. Defense counsel objected to the prosecutor's statement, fearing the jury would be mislead. The court admonished the prosecutor to correct himself, which he did. It has been held when a prosecutor's improper statement is disclaimed or corrected there is no error. U.S. v. Parker (D.C. Cir. 1969), 419 F.2d 679. After the jury was selected, the court gave the following instruction:

> Now, ladies and gentlemen, I instruct you that those remarks by Mr. Hove were improper, that they were incorrect, and that they were erroneous, and that you are to disregard such statements and must

3

not in any way consider them relative to this case.

The judge's admonition to the prosecuting attorney and his cautionary instruction to the jury are sufficient in this case not to result in prejudice to the defendant. The controlling question should be the good faith of counsel in saying what he said and the likelihood the defendant was unfairly prejudiced by what was said. Gladden v. Frazier (9th Cir. 1968), 388 F.2d 777, 779.

Walton offers no evidence he was prejudiced by the remark nor can we find any. Probably the best evidence that the jury was not prejudiced by the prosecutor's remark is its verdict. Fred Walton was acquitted of all charges, and John Walton and his son John Jay were acquitted on one count of felony sale of dangerous drugs. A jury influenced by an inadvertent remark made by the prosecutor during voir dire would not throw out most the State's case. See State v. Toner (1953), 127 Mont. 283, 289, 263 P.2d 971, 974. After both sides had rested, the jury was instructed they were not to infer guilt by virtue of the fact the defendants were brought to trial.

Because Walton cannot show prejudice by a remark his counsel admits was inadvertent, it is not error for the court to deny his motion for a mistrial. We refuse to reverse on the mere ground of a corrected misstatement when there is no evidence of either bad faith on the part of the prosecutor or prejudice to the defendant.

Walton argues the State should be required to account for the seized marijuana at all times prior to its seizure by law enforcement officials. Walton misinterprets the chain of custody rule, which does not require the police or

4

prosecutors to account for the possession of evidence before it comes into their hands. A continuous chain of possession must be established after acquisition of the evidence, not before. State v. Thomas (1975), 166 Mont. 265, 532 P.2d 405. If the defendant claims the evidence was tampered with before the prosecution acquired it, he has the burden "to show affirmatively that tampering had taken place." Thomas, 166 Mont. at 268, 532 P.2d at 407.

> It is not necessary for the State to prove it would be impossible to tamper with the exhibits. [Cites omitted.] Rather the State need only make a prima facie showing that there had been no substantial change in the evidence. State v. WongFong, (1925) 75 Mont. 81, 87, 241 P. 1072, 1074.

State v. Wells (1983), 202 Mont. 337, 356, 658 P.2d 381, 391.

Walton misinterprets Wells and WongFong when relying on them to support his position. He argues the State failed to make a prima facie case there was no substantial change in the evidence, citing various examples of conflicting evidence about the quantity of marijuana taken from Montana to Texas and the quantity seized by the Texas authorities. However, that evidence is irrelevant to consideration of possible chain of custody problems because the marijuana was not in the custody of law enforcement officials. Walton offered no testimony the evidence was tampered with after it was in possession of the Texas authorities.

Ultimately the argument is academic, because the only charge involved in this appeal is that of conspiracy. This particular evidence is only incidental in establishing conspiracy.

Walton's third argument is this case is totally lacking any corroborative evidence.

> Montana case law concerning corroboration
> is well settled. It provides that the
> corroborating evidence may be supplied by
> the defendant or his witnesses; it may be
> circumstantial evidence; it need not be
> sufficient to sustain a conviction or
> establish a prima facie case of guilt;
> and, it need only tend to connect the
> defendant with the crime as charged.
> Where the claimed corroboration, however,
> shows no more than an opportunity to
> commit a crime, simply proves suspicion,
> or is equally consonant with a reasonable
> explanation pointing toward innocent
> conduct on part of the defendant, the
> evidence is to be deemed insufficient.
> [Citations omitted.]

State v. Mitchell (Mont. 1981), 625 P.2d 1155, 1158, 38 St.Rep. 487, 489-90.

Uncorroborated testimony of an accomplice cannot sustain a conviction . . . However, it is not necessary that the accomplice be corroborated as to every material fact to which he testifies. State v. Yegen (1929), 86 Mont. 251, 254, 283 P. 210, 211. Generally speaking, an accomplice is one who knowingly, voluntarily, and with a common intent with the principal offender unite in the commission of a crime. State v. Jenkins (1923), 66 Mont. 359, 365, 213 P. 590, 592.

Because this appeal is from a conviction of conspiracy, only testimony which corroborates testimony of accomplices by tending to connect Walton with the conspiracy will be considered. There is corroboration of accomplice testimony by at least three witnesses. Donna Tyson's sons, Lee and Russell Munyan, and John Walton's son, Fred, testified to John Walton's active involvement in the enterprise. It should be noted Fred Walton was charged after he gave an account of his discovery of the growing marijuana. Accomplice testimony was properly corroborated.

The judgment of the District Court is affirmed.

_____
                        Justice

We Concur:

_____
           Chief Justice

_____

_____
John C. Sheehy

_____
                    Justices

7