No. 89-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DONALD CONRAD,

Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Larry Jent, Bozeman, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Elizabeth Griffing, Asst. Atty. General, Helena
— Carol A. Donaldson, Legal Intern, Helena
Wm. Nels Swandal, County Attorney; Tara Depuy, Deputy
Livingston, Montana

**FILED**

JAN 8 - 1990

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  Oct. 25, 1989

Decided: January 8, 1990



Clerk

No. 89-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

DONALD CONRAD,

        Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Larry Jent, Bozeman, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
Elizabeth Griffing, Asst. Atty. General, Helena
Wm. Nels Swandal, County Attorney; Tara Depuy, Deputy
Livingston, Montana

Submitted on Briefs: Oct. 25, 1989

Decided: January 8, 1990

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Donald Conrad, was charged with one count of arson and one count of criminal mischief in the District Court for the Sixth Judicial District, Park County. The District Court granted the State's motion to dismiss the count of criminal mischief, leaving only one count of arson for the jury. The jury found defendant guilty as charged. He was sentenced to six years in the Montana State Prison. Defendant appeals. We affirm.

Defendant presents the following issues:

1. Was there sufficient corroboration of the accomplice testimony?

2. Did the District Court err in allowing questioning from an inventory list which it had deemed an inadmissible document?

3. Did the District Court err in admitting the propane burner into evidence?

4. Were the defendant's due process rights violated by the questioning of Mel Pond prior to his taped statement?

5. Was the State's reference to uncharged misconduct and prior convictions reversible error?

Defendant financed the purchase of a trailer home through First National Bank Bozeman, and moved it to a lot on Wineglass Mountain in Park County, Montana. With his family, he lived in

the trailer for about five months. After the trailer had been seriously vandalized, he testified he then moved out of the trailer in order to protect his family. The family moved back into town and stayed there until the house they were renting was put up for sale. The landlord then asked them to move out. Defendant did not move out as requested. He testified he was making improvements on the trailer so he could not move back up there at that time and had no where else to go. Shortly thereafter, defendant hired Mel Pond to assist him in remodeling his trailer.

On March 18, 1988, Pond and defendant were together at defendant's trailer. The testimony of Pond and defendant conflict as to what happened next. Pond testified that defendant threw matches through the window of the trailer. He further testified that defendant then went back inside the trailer, came back outside and the two drove off down the mountain. Pond testified that defendant told him he lit the element on the propane heater and put it face down in the mattress.

Defendant testified that he lit the propane heater in the trailer when he first arrived in order to warm the trailer. He stated he then left the trailer for awhile to help the Yellowstone Basin Properties representative find the property lines. According to defendant, when he returned to the trailer, Pond was coming out and insisted on returning to town, so defendant "slammed" the trailer door and took Pond to town. The trailer burned down.

3

The fire marshall, Walter Adams, testified that the fire was started by the propane burner which was found lying face down on a mattress. He further testified that there was nothing else in the trailer that could have started the fire. After a jury trial, defendant was found guilty of arson. He appeals.

I

Was there sufficient corroboration of the accomplice testimony?

Defendant maintains that there was insufficient corroboration of the testimony of accomplice, Pond. He urges that a conviction based on such testimony violates § 46-16-213, MCA.

The State asserts that corroborating evidence need not make out a prima facie case by itself, citing State v. Kemp (1979), 182 Mont. 383, 597 P.2d 96. It further maintains that corroborating evidence need only tend to connect the defendant with the crime charged and that this was done in this case. It points out that First National Bank in Bozeman held a lien on defendant's trailer; the trailer was worth less than the lien, giving defendant a motive to set it afire; and both a fireman and the fire marshall testified that the propane burner was found face down on a bedspring after the fire. The State urges that these facts satisfy the requirements of § 46-16-213, MCA. We agree.

Section 46-16-213, MCA, provides:

A conviction cannot be had on the testimony of one

4

responsible or legally accountable for the same offense, as defined in 45-2-301, unless the testimony is corroborated by other evidence which in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Corroborating testimony is viewed in a light most favorable to the State. State v. Holzapfel (Mont. 1988), 748 P.2d 953, 958, 45 St.Rep. 53, 59.

> Whether evidence is sufficient to corroborate the testimony of an accomplice is a question of law. The evidence must do more than show the crime was committed or the circumstances of its commission. . . . However, it need not be sufficient, by itself, to support a prima facie case against the defendant. The independent evidence need not extend to every fact to which the accomplice testifies. Further, the evidence may be circumstantial and it may come from the defendant or his witness.

State v. Ungaretti (Mont. 1989), 779 P.2d 923, 925, 46 St.Rep. 1710, 1713. (Citations omitted.) "Without corroboration, an innocent man could be convicted by the testimony of one with a strong motive for seeing that such a conviction occurred." State v. Warren (Mont. 1981), 628 P.2d 292, 38 St.Rep. 773.

To convict defendant of arson, the State must prove that by using fire or explosives, he knowingly or purposely damaged or destroyed his trailer, which is property of another. See § 46-6-103, MCA. Because there was a lien on the trailer, it was "property of another". The evidence presented by the State in this

5

case was sufficient to corroborate Pond's testimony. The propane burner was found lying face down on a mattress. It was the only thing that could have started the fire. The trailer was insured; defendant testified that he lit the propane burner when he arrived; within one half hour after defendant and Pond left the trailer, smoke was observed coming from the trailer; and few remnants of items of value were found in the trailer after the fire.

Defendant also contends that Pond exonerated himself by convicting defendant, thus he had a strong motive for convicting defendant. He maintains that this factor renders Pond's testimony suspect, prejudicing defendant.

Defendant is correct in contending that Pond's testimony is suspect. The jury was specifically instructed on how to view such testimony and were told they were the judges of the witness' credibility. Instruction #2 states in part:

> You are the sole judges of the credibility of all the witnesses testifying in this case, and of the weight to be given their testimony. In judging the effect of evidence you must be fair and impartial and not arbitrary. While you have discretion in judging the effect of evidence, you must exercise that discretion in accordance with these instructions.

Accomplice testimony is addressed in Instruction #14:

> Testimony had been presented that the witness Melvin Pond may be an accomplice in this case. In this respect, you are to be guided by the following rules of law:
> 1. An accomplice is one who knowingly and voluntarily, with common intent with the principal offender, unites in the commission of a crime. One may become an accomplice by being present and joining in the

6

criminal act, by aiding and abetting, with criminal intent, another in its commission, or in being present by advising and encouraging its commission, but knowledge and voluntary action are essential in order to impute guilt.

2. It is a question of fact for the jury to determine from the evidence and from the law as given you by the court whether or not in this particular case the witness Melvin Pond was or was not an accomplice within the meaning of the law.

3. The testimony of an accomplice ought to be viewed with distrust. (Emphasis added.)

4. A conviction cannot be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

We conclude that the foregoing instructions properly set forth the law regarding accomplice testimony. We hold there was sufficient corroboration of the accomplice testimony.

II

Did the District Court err in allowing questioning from an inventory list which it had deemed an inadmissible document?

State's Exhibit 2 was an inventory list of defendant's belongings allegedly in the trailer at the time of the fire. Defendant maintains the District Court refused to admit it into evidence. Thus, defendant contends it was prejudicial error to allow questioning from a document not admitted into evidence, and that such questioning violates the Best Evidence Rule, 1002, M.R.Evid.

The State correctly notes that the list was admitted in

7

evidence when the District Court specifically overruled defendant's objection. Nonetheless, the State urges that the Best Evidence Rule was not violated because the aim of the questioning was to impeach defendant, not to identify the drafter. The State sought to show the contradiction between defendant's detailed claim of what was in the trailer and the physical evidence remaining after the fire.

Since the record is clear that Exhibit 2 was admitted, defendant's contention is without merit. We hold the District Court did not err in allowing questioning from an inventory list, the admission of which was originally denied and subsequently allowed.

## III

Did the District Court err in admitting the propane burner into evidence?

Defendant maintains that the propane burner was not in substantially the same condition at the trial as when the crime was committed. The fire marshall testified that during his investigation of the burned trailer, he found a propane burner lying face down on a bedspring. He picked up the burner and found a small piece of cloth underneath the burner that had not been burned. He testified that the piece of cloth indicated that the fire started on the mattress. The piece of cloth was lost somewhere between the date of the investigation and the trial.

Defendant contends the loss of the piece of cloth constituted a failure on the part of the State to maintain the burner in the same state as it was at the time of the fire, constituting prejudicial error. The State points out that the piece of cloth was a separate piece of evidence, not part of the propane burner, or in anyway attached. Therefore, it maintains that the burner was in substantially the same condition.

Montana recognizes two methods of identifying physical evidence: ready identification and chain of custody. Ready identification is applicable when the article has a unique characteristic that makes it readily identifiable. Chain of custody is used when the evidence is common and non-unique or when the witness has failed to observe its uniqueness. See State v. Fox (1984), 212 Mont. 488, 689 P.2d 252. Because the propane burner here is not unique, the chain of custody method is applicable. The burden is on defendant to show that tampering had taken place before the prosecution acquired it. State v. Walton (1986), 222 Mont. 340, 722 P.2d 1145. The piece of cloth is not part of the burner. Thus, defendant failed to show any tampering took place prior to the acquisition of the burner by the State.

The burden shifts to the State to prove there has been no substantial change in the evidence after the State acquired it. It is not necessary for the State to prove that it would be impossible to tamper with the burner. State v. Wells (1983), 202

Mont. 337, 658 P.2d 381. A continuous chain of possession must be established after the acquisition by the State, not before. See Walton, 722 P.2d at 1147. The State established the chain of custody. Fireman Yager testified that when he entered the trailer after the fire, he saw the propane burner lying face down on the bedspring. He further testified that the burner remained there until County Fire Marshall Adams investigated the fire and picked up the burner. Adams testified he picked up the burner and then locked it in a cupboard at the Fire Station until the Deputy Sheriff picked it up. At trial, Adams testified the burner was in the same condition as it was the day of the fire. We hold that the State made a prima facie showing that there had been no substantial change in the burner after it was acquired by the prosecution, and that defendant failed to subsequently meet his burden of proving tampering. Thus, we hold that the District Court did not err in admitting the propane burner into evidence.

IV

Were the defendant's due process rights violated by the questioning of Mel Pond prior to his taped statement?

Defendant contends that the Deputy Sheriff told Pond their version of what happened and then asked him his story. Defendant maintains that Pond then told the Deputy Sheriff that defendant admitted setting the fire in the very manner described to Pond by the Deputy Sheriff. Defendant urges that this "suggestive

10

questioning" by the Deputy Sheriff deprived defendant of due process of the law.

The record reveals that before he was questioned, Pond was told by the Deputy Sheriff that the burner was found on the bed. He then gave his taped statement. Pond personally testified and was cross examined. It is up to the trier of fact to decide who and what to believe after consideration of all the facts and circumstances collectively. See State v. Buckingham, No. 89-315, slip op. (Mont. 1989). We hold that defendant's due process rights were not violated by the questioning of Mel Pond prior to his taped statement.

V

Was the State's reference to uncharged misconduct and prior convictions reversible error?

During the cross-examination of Pond, counsel questioned him regarding other charged or uncharged misconduct by defendant of which he may be aware. Defendant maintains that such questioning violated Rule 609 and Rule 404(b), M.R.Evid., which deal with character evidence. However, as the State correctly notes, the District Court properly struck the testimony and admonished the jury to disregard it. An error in the admission of evidence may be cured if the jury is admonished to disregard it. See State v. Smith (1986), 220 Mont. 364, 715 P.2d 1301. In view of the District Court's admonishment of the jury here, we hold the State's

11

reference to uncharged misconduct and prior convictions did not constitute reversible error.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

12