No. 89-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

DARREN KOLBERG,

        Defendant and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Channing J. Hartelius, Hartelius, Ferguson & Baker,
        Great Falls, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Patricia J. Schaeffer, Asst. Atty. General, Helena
        Richard A. Simonton, County Attorney; Gary Kalkstein,
        Deputy, Glendive, Montana

Submitted on Briefs: Dec. 1, 1989

Decided: January 17, 1990

Filed:

FILED
'90 JAN 17 PM 2 32
ED S...
MONTAN...

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Darren Kolberg, was charged in the District Court for the Seventh Judicial District, Dawson County, with the misdemeanor offense of Driving Under the Influence of Alcohol, Third Offense, in violation of §61-8-401, MCA. The jury found him guilty as charged. Defendant appeals. We affirm.

The two issues for our consideration are:

1. Was defendant denied his Sixth Amendment Right to effective assistance of counsel?

2. Whether prosecutorial misconduct occurred during the trial?

On July 23, 1988, while on patrol, officers Moccasin and Barsotti observed the vehicle driven by defendant weaving across the center line a number of times as it was driven down the streets of Glendive, Montana. Officer Moccasin testified that they followed the vehicle for more than three blocks before they decided to stop the defendant.

When Officer Moccasin approached defendant and asked for his license, he smelled a strong odor of alcohol on defendant's breath. Officer Moccasin requested defendant to perform various sobriety tests. First he asked defendant to say the alphabet. Defendant only made it to the letter "G" before he started having trouble, and then stopped at "J". Officer Moccasin testified that defendant's speech was slurred, his eyes were bloodshot, he acted confused and he could not keep his balance very well. The officer

then asked defendant to do a one leg stand. Defendant told him that he had broken his leg and it was not healed yet, so Officer Moccasin requested he do a "walk and turn" instead. Officer Moccasin testified defendant was unable to keep his balance and failed that test.

At that point, Officer Moccasin called another officer who was qualified to perform a "horizontal gaze nystagmus test" on defendant. Officer Benson testified he performed the test and that defendant failed. Officer Benson concluded that defendant was driving while under the influence. Defendant was then placed under arrest and read his Miranda rights.

An information was filed on August 2, charging defendant with Driving Under the Influence of Alcohol (DUI), Third Offense, in violation of §61-8-401, MCA. Defendant pled not guilty to the charge. After a trial, the jury convicted him of the charged offense. Defendant appeals.

## I

Was defendant denied his Sixth Amendment Right to effective assistance of counsel?

Defendant contends that he was ineffectively represented at trial by his attorney, Mr. Halvorson. He claims Mr. Halvorson failed to timely notify him of trial; failed to properly voir dire the jury; improperly consented to informing the jury that he was charged with DUI, third offense; improperly introduced a police report into evidence; and failed to move for dismissal for the State's failure to prove venue.

3

Defendant sent a letter to the District Court informing it that he had not been notified of trial until 24 hours prior to the trial. He maintained he had not had time to consult with his attorney, nor contact two witnesses due to such lack of notice.

Mr. Halvorson sent a letter to defendant's last known address informing him of the trial date. Defendant was having his mail forwarded. The letter was never returned to Mr. Halvorson and defendant testified he did not receive it. A lengthy in camera discussion between counsel and the judge was held the morning of the trial regarding defendant's letter to the judge alleging lack of notice. The record reveals that the defense called two witnesses and chose not to call a third. Although no motion was made for a continuance, the District Court concluded that there were not sufficient grounds to grant a continuance and that Mr. Halvorson was sufficiently prepared to proceed with trial. We agree. Defendant has failed to show any prejudice by lack of notice. The record reveals that defense counsel carefully considered the potential value of the third witness and decided it best not to call him. In State v. Leavens (1986), 222 Mont. 473, 723 P.2d 236, we held that:

> a decision on whether to call a witness is a matter of trial tactics, which are normally not grounds for a determination that counsel's performance was deficient.

We conclude Mr. Halvorson was prepared for trial, and that defendant failed to show any prejudice as a result of his not receiving notice of trial.

Defendant maintains that the asking of only one question by

4

his counsel during voir dire was inadequate. The record reveals that there was extensive and thorough voir dire by the State. As the State points out, jury voir dire is a very subjective process.

> The purpose of voir dire in a criminal proceeding is to determine the existence of bias and prejudice on the part of prosepective jurors and to enable counsel to intelligently exercise their pre-emptory challenges. Any questioning conducted to establish rapport or to educate the jury is extraneous to the legitimate objects of voir dire. (Citations omitted.)

State v. Brodniak (1986), 221 Mont. 212, 718 P.2d 322. There is no set number of questions counsel is required to ask of the jurors. If counsel can intelligently exercise pre-emptory challenges from the questions which have been asked, the purpose of voir dire has been fulfilled. The record reveals that Mr. Halvorson made his pre-emptory challenges. We conclude from the record that the voir dire was adequate.

Defendant maintains it was prejudicial to allow defense counsel to inform the jury that he was charged with his third offense DUI, and to stipulate to his two prior DUI convictions. The State points out that both counsel and the court erroneously proceeded as though the two prior DUI convictions were elements of this offense. Prior DUI convictions are actually elements to be presented for sentencing to determine the maximum sentence that can be imposed. See State v. Campbell (1980), 189 Mont. 107, 615 P.2d 190. They are not an element of the crime. §§61-8-401 and 61-8-714(3), MCA. However, in view of the mistake on the part of both counsel and the judge that the prior convictions were elements of

this offense, we conclude that the inadvertent disclosure to the jury was not prejudicial. We conclude that the mention of the prior DUI's to the jury does not constitute ineffective assistance of counsel. In addition, we emphasize that the record contains overwhelming evidence against the defendant and almost a total absence of any evidence to the contrary.

We conclude that defendant's claims as to the introduction of the police report and Mr. Halvorson's failure to move for dismissal for the State's failure to prove venue are without merit. In State v. Stewart (Mont. 1988), 767 P.2d 296, 45 St.Rep. 2350, we stated:

> Ineffective assistance of counsel requires specific acts or omissions which prejudice defendant's case and result in the denial of a fair trial. . . First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. . . . To show prejudice, a defendant must show that, but for counsel's unprofessional errors, there was reasonable probability that the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. (Citations omitted.)

Defendant has failed to show such prejudice. We hold that defendant was not denied his Sixth Amendment Right to effective assistance of counsel.

## II

Whether prosecutorial misconduct occurred during the trial?

Defendant maintains that the prosecutor intentionally violated a court order on admissibility of an admission, and intentionally disobeyed a court order on discovery. Defendant claims that after the District Court ruled that statements of defendant at the scene

6

were inadmissible, the county attorney solicited the same statements from Officer Benson when he responded that Mr. Kolberg said he "had a few drinks". As pointed out by the State, the court properly admonished the jury to disregard this statement. An error in the admission of evidence may be cured if the jury is admonished to disregard it. State v. Conrad, No. 89-198, slip op. (Mont. 1989). Defendant's claim regarding failure to comply with discovery is without merit. We hold that no prosecutorial misconduct occurred during the trial.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7