No. 91-293

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

ROBERT GORDON BENTON,

      Defendant and Appellant.

**FILED**

JAN 28 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Don Vernay, Attorney at Law, Kalispell, Montana

      For Respondent:

      Hon. Marc Racicot, Attorney General, Helena, Montana
Cregg W. Coughlin, Assistant Attorney General
Ted O. Lympus, Flathead County Attorney,
Kalispell, Montana

Submitted on Briefs:  December 4, 1991

Decided:  January 28, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On June 11, 1990, the State of Montana filed an Information in the Eleventh Judicial District Court in Flathead County, charging Robert Gordon Benton with attempted deliberate homicide. The case was tried before a jury on September 24 and 25, 1990. At the conclusion of the evidence, the District Court instructed the jury on attempted deliberate homicide and aggravated assault, a lesser included offense. The jury acquitted Benton on the attempted deliberate homicide charge but convicted him on the aggravated assault charge. Benton appeals. We affirm.

The issues are:

1. Did the District Court err when it refused to allow Benton to inquire into the victim's prior arrest for felony assault?

2. Did the District Court err when it denied Benton's motion for mistrial based on the introduction of evidence that Benton had previously been convicted of child molesting?

3. Did the District Court err when it refused to give a cautionary instruction *sua sponte* after the introduction of evidence that Benton had previously been convicted of child molesting?

On April 26, 1990, the Flathead County Office of the Department of Family Services wrote to Laurie Sirucek, Benton's girlfriend, and told her that Benton had been convicted of child molesting in Oregon. In fact, Benton had been convicted of sexual abuse, not child molesting, and the victim in that case was **32**

**2**

years old.  Ms. Sirucek showed the Family Services letter to Benton's friends Larry Poston and Douglas Rushford.  Poston and Rushford then told Benton they wanted nothing further to do with him.

On May 16, 1990, Poston and Rushford were drinking at the Log Cabin Bar in downtown Kalispell when Benton walked in.  Poston and Benton began arguing about the letter.  Benton then invited Poston to step outside.  Rushford insisted that anyone who went outside should go out the front door so that there would be witnesses. Benton went out the front door and Rushford followed.

A physical altercation followed, and Benton stabbed Rushford in the chest.  Rushford testified that Benton stabbed him without warning.  Benton, on the other hand, testified that he had the knife out to deter Rushford and that when Rushford charged him he held the knife out to defend himself.  Benton fled.  Rushford returned to the bar and passed out.

The case was tried before a jury on September 24 and 25, 1990. Benton relied on the affirmative defense of justifiable use of force.  The jury found Benton guilty of aggravated assault.  The District Court sentenced Benton to 20 years at Montana State Prison for the aggravated assault and added 10 years for use of a weapon. The court also designated Benton as a dangerous offender for parole eligibility purposes.  Benton appeals from the judgment and sentence of the District Court.

## I

Did the District Court err when it refused to allow Benton to inquire into the victim's prior arrest for aggravated assault?

Before trial, Benton asked the District Court whether he could introduce evidence that Rushford was facing pending aggravated assault charges in Arizona. The court refused to permit this evidence on the grounds that it was irrelevant unless Benton knew of the charges at the time of the fight with Rushford, and that it was of little probative value in any event.

Benton now argues that this was reversible error. He cites *State v. Logan* (1970), 156 Mont. 48, 473 P.2d 833, for the proposition that proof of knowledge of the victim's character by the defendant is unnecessary when the issue concerns which party was the aggressor. Benton also argues that Rule 404(b), M.R.Evid., and *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957, do not expressly require a balancing of probative value against unfair prejudice when the evidence tends to impugn the character of someone other than the defendant.

Benton is correct to the extent that probative evidence of Rushford's character would have been admissible under *Logan* to show that Rushford was the aggressor. In fact, the District Court allowed Benton to inquire into other instances of Rushford's conduct in order to show that he had a disposition to violence.

4

However, the District Court did not err in excluding Benton's proposed evidence about Rushford's assault charges because that evidence lacked probative value.

Although Rule 404 and *Just* did not require the exclusion of this evidence, it was nonetheless inadmissible under Rule 403, M.R.Evid. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." We agree with the District Court that the danger of unfair prejudice to the State clearly outweighed the probative value of the evidence in question, because the evidence concerned only <u>charges</u>, not a conviction. Furthermore, the charges were two years old at the time of trial.

We hold that the District Court did not err when it refused to allow Benton to inquire into the victim's prior arrest for aggravated assault.

## II

Did the District Court err when it denied Benton's motion for mistrial based on the introduction of evidence that Benton had previously been convicted of child molesting?

At the close of his own case in chief, Benton moved for a mistrial based on Rushford's inaccurate testimony that Benton was previously convicted of child molesting. The District Court denied this motion, and Benton now argues that this was reversible error. We disagree.

5

A mistrial is appropriate only upon a demonstration of manifest necessity coupled with the denial of a fair and impartial trial. *State v. Clawson* (1989), 239 Mont. 413, 423, 781 P.2d 267, 273-74. We will not overturn a lower court's denial of a motion for mistrial in the absence of clear and convincing proof of error. *State v. Gambrel* (1990), 246 Mont. 84, 91, 803 P.2d 1071, 1075-76.

Before trial, the parties agreed that evidence about the false child molesting accusation was necessary in order to show how the fight started. In fact, evidence of this false accusation was critical to Benton's theory that he approached Poston and Rushford in the Log Cabin Bar in order to set the record straight by explaining that the accusation was inaccurate. Benton now argues that while the jury should have heard that he was falsely accused of child molesting, it should not have heard inaccurate evidence that he was convicted of that offense.

At most, however, the introduction of this evidence was harmless error. Rushford, the State's own witness, testified that he had no knowledge of a conviction other than the allegations in the letter from Family Services. Furthermore, the testimony itself was true--the letter did indeed indicate that Benton had been convicted of child molesting, and Rushford and Poston apparently believed it to be accurate. Benton then took the stand and unequivocally denied that he had ever been arrested or convicted for child molesting. The State made no attempt to rebut this

testimony. Furthermore, the State did not attempt to place the fact of Benton's sexual abuse conviction before the jury.

We conclude that Benton has not carried his burden of showing how the introduction of the evidence in question denied him a fair and impartial trial. We hold that on this record the District Court did not err in denying Benton's motion for a mistrial based on the introduction of inaccurate evidence that he was convicted of child molesting.

### III

Did the District Court err when it refused to give a cautionary instruction *sua sponte* after the introduction of evidence that Benton had previously been convicted of child molesting?

The District Court did not give a cautionary instruction after the State introduced testimony about the letter from Family Services. Benton now argues that the court should have given such an instruction and that its failure to do so constitutes reversible error. We disagree. If a cautionary instruction was required, Benton should have proposed one to the court.

Section 46-16-401(4)(a), MCA (1989), the statute in effect at the time of trial, provided that:

> When the evidence is concluded, if either party desires special instructions to be given to the jury, such instructions shall be <u>reduced to writing, numbered, signed by the party or his attorney, and delivered to the court</u>. [Emphasis added.]

In *State v. Close* (1981), 191 Mont. 229, 244, 623 P.2d 940, 948, we applied this statute in refusing to consider an alleged error

predicated on the lack of a cautionary instruction because the defendant in that case had not offered the necessary instruction.

In this case, the burden of drafting and offering the necessary instruction fell on Benton. We hold that the District Court did not err by not giving a cautionary instruction because Benton did not offer one.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

January **28,** 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

DON VERNAY
Attorney at Law
343 first Avenue West
Kalispell, MT 59901

HON. MARC RACICOT, Attorney General
Cregg W. Coughlin, Assistant
Justice Building
Helena, MT 59620

TED **O.** LYMPUS, Flathead County Attorney
Flathead County Courthouse
P.O. Box 1516
Kalispell, MT 59903-1516

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
       Deputy