NO.  93-079

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

CHRIS ANDREW GREYTAK,

      Defendant and Appellant.

FILED

DEC 14 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Leo J. Gallagher, Attorney at Law,
        Helena, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Cregg Coughlin, Asst. Attorney General,
        Helena, Montana

        Mike McGrath, Lewis and Clark County
        Attorney, Carolyn Clemens, Deputy County
        Attorney, Helena, Montana

Submitted on Briefs:  October 21, 1993

Decided:  December 14, 1993

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Chris Andrew Greytak was charged with burglary, kidnapping, and sexual intercourse without consent in the District Court for the First Judicial District, in Lewis and Clark County. He was found guilty of all three charges by a jury on September 30, 1992, and **now** appeals that conviction. We affirm the District Court.

The following issues are before this Court:

1. Did the District Court err when it overruled defendant's objection during the prosecutor's cross-examination of defendant's witness?

2. Did the District Court err when it denied defendant's motion for a **mistrial** on the grounds of prosecutorial misconduct?

3. Did the District Court err when it excluded evidence that the complaining witness had, prior to this incident, accused a person other than defendant of raping her?

On April 23, 1992, defendant was charged with burglarizing the home of his former girlfriend, A.B., in violation of § 45-6-204, MCA; kidnapping her in violation of § 45-5-302, MCA; and having sexual intercourse with her without her consent in violation of § 45-5-503, MCA. He admitted having had intercourse, but stated that it was consensual, and therefore, pled not guilty to each of the charged offenses on May 6, 1992.

On August 27, 1992, the court granted the State's motion in limine to preclude defendant from introducing evidence that A.B.

had made prior accusations of sexual assault concerning defendant and persons other than defendant.

Defendant made a motion in limine to prohibit the prosecutor from bolstering A.B.'s credibility through A.B.'s therapist. At trial, outside the presence of the jury, defense counsel stated his concerns on the record that the prosecutor would similarly attempt to bolster A.B.'s credibility through expert testimony of an investigating police officer. The judge and the prosecutor acknowledged the impropriety of this approach and the prosecutor agreed not to ask the police officer whether he believed A.B. was truthful about being raped. The testimony of the police officer was admitted without objection. However, during the cross-examination of a lay witness called by defendant, questions were permitted which defendant now contends violated the parties' tacit understanding that A.B.'s credibility could not be bolstered through the testimony of third parties.

On the morning following this exchange, outside the presence of the jury, defendant's attorney moved for a mistrial, based on the prosecutor's examination. The District Court denied the motion and offered jury instruction No. 2A in which it cautioned the jury to disregard the prosecutor's remarks. After consideration of the evidence, the jury found defendant guilty of each offense charged. Defendant was sentenced to 36 years in prison with five years suspended and designated a dangerous offender.

I.

Did the District Court err when it overruled defendant's objection during the prosecutor's cross-examination of defendant's witness?

The objection took place in the following context:

**Q.** [By Ms. Clemens] Do you remember in our conversation, Scott, I asked you the question why [A.B.] would make this up? Remember that?

A. [By Witness Duthie] Vaguely.

Q. Okay. Do you remember what you said to me in response to that?

MR. GALLAGHER: Your Honor, calling for speculation.

THE COURT: Overruled. Go ahead.

A. [By witness] Not really. I just said I don't know why.

Q. Okay. Do you remember making the statement to me that **[A.B.] wouldn't co this far with this if it weren't true**?

A. No, I didn't say that.

Q. You never said that?

A. No.
 [Emphasis added].

Defendant contends that the question **"do** you remember making the statement to me that [A.B.] wouldn't go this far with this if it weren't **true"** was improper impeachment which had the effect of bolstering **A.B.'s** credibility. The State responds that the question to which defendant objected did not call for the witness to speculate, and therefore, that an objection on the grounds of

4

speculation was improper. Furthermore, the State maintains that the objection was untimely.

To preserve an objection for appeal, a party must object in a timely manner and state the specific ground for the objection unless the specific ground was apparent from the context. Rule 103, **M.R.Evid.** We conclude that the prosecutor's question was not improper for the reason urged at the time of trial and that the reason raised for the first time on appeal was not apparent from the context in which the question was asked. Therefore, we conclude that the District Court did not err by overruling defendant's objection.

## II.

Did the District Court err when it denied defendant's motion for a mistrial on the grounds of prosecutorial misconduct?

The standard of review for denial of a motion for mistrial is whether there is clear and convincing evidence that the trial court's ruling is erroneous. *See State v. Benton* (1992), 251 Mont. 401, 404, 825 **P.2d** 565, 567-68. There must be a manifest necessity to declare a mistrial and a defendant must have been denied a fair and impartial trial. *Benton,* 825 **P.2d** at 567.

After reviewing the record, we conclude that the prosecutor's remark could have had little, if any, effect on the jury's decision and that defendant fails to meet his burden of showing clear and convincing evidence of error by the District Court. As the State

5

points out, the witness answered the question in the negative and had previously testified that he was a friend of both defendant and A.B. Moreover, the District Court issued an instruction cautioning the jury not to consider the statements of counsel as evidence. "An error in the admission of evidence may be cured if the jury is admonished to disregard it." *State v. Conrad* (1990), 241 Mont. 1, 19, 785 P.2d 185, 190. *See also, State v. Kolberg* (1990), 241 Mont. 105, 785 P.2d 702. We agree with the District Court that the circumstances of this case did not warrant a mistrial and conclude that defendant received a fair and impartial trial.

### III.

Did the District Court err when it excluded evidence that the complaining witness had, prior to this incident, accused a person other than defendant of raping her?

Rulings on evidence are left to the sound discretion of the trial court and will not be overturned by this Court absent a showing of manifest abuse. *state v. Van Dyken* (1990), 242 Mont. 415, 435, 791 P.2d 1350, 1362-63, *cert. denied*, 498 U.S. 920.

Defendant argues that the purpose of introducing the evidence was to show that A.B. was a manipulative woman who said untrue things and had a motive to make similar allegations against him. Moreover, he argues that granting the State's motion in limine deprived him of constitutional rights.

6

The District Court granted the State's motion in limine to exclude reference to previous accusations of rape made by A.B. on the basis of *State v. Anderson* (1984), 211 Mont. 272, 686 P.2d 193. There, we held that evidence of prior accusations made by the complaining witness of sexual assault is inadmissible if the alleged accusations have not been proven false by adjudication or admission of the witness. *Anderson*, 686 P.2d at 200. In this case, A.B. denied accusing anyone other than defendant of raping her. A police report contained in the record indicates that the individual she allegedly accused denied that he had raped A.B. or that she had accused him of doing so. In *state v. Van Pelt* (1991), 247 Mont. 99, 104, 805 P.2d 549, 552, this Court stated that "any accusations or allegations the victim has made of prior sexual conduct must have been proven to be false or admitted to be false before it is admissible." That threshold requirement was not met in this case.

We hold that the District Court did not abuse its discretion when it excluded the evidence of prior rape allegations.

We affirm the judgment of the District Court.

_____
Justice

7

We concur:

_William E. Hunt Sr._

_Karla M. Gray_

_[signature]_

_[signature]_
Justices