STATE OF MONTANA, Plaintiff and Appellant, *v*. E. E. GANGNER, Defendant and Respondent.

No. 9695.

Submitted November 28, 1956. Decided January 4, 1957.

305 Pac. (2d) 338.

534

Mr. Arnold H. Olsen, Atty. Gen., Mr. Hubert J. Massman, Asst. Atty. Gen., Mr. James C. Wilkins, Jr., Co. Atty., Mr. Weymouth D. Symmes, Spec. Prosecutor, Lewistown, for appellant.

Mr. Walter E. Coyle, Jr. John T. Mullany, Mr. Robert J. Holland, Butte, for respondent.

Mr. Wilkins, Mr. Massman and Mr. Coyle argued orally.

MR. JUSTICE ANGSTMAN:

Defendant was accused of the infamous crime against nature alleged to have been committed on or about April 29, 1955, with a fifteen year old boy. He was found guilty by verdict of the jury. His motion for a new trial was granted and the state has appealed from the order granting the new trial.

The sole question presented by the appeal is whether the evidence was sufficient to sustain the verdict.

At the trial defendant did not testify in his own behalf and he offered no evidence but rested at the close of the state's case. His contention is that since the boy involved was an accomplice as a matter of law and the court so instructed the jury there was not sufficient corroboration of his story to meet the requirements of R.C.M. 1947, section 94-7220. That section provides:

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

Aside from the testimony of the boy involved, the record discloses the following facts: Defendant is a physician living in Lewistown, aged in the upper fifties. A classmate of the accomplice, prosecuting witness, and who was about the same age of the prosecuting witness, worked for defendant and stayed with him in his apartment in the spring of 1955. He introduced the prosecuting witness to defendant. On April 25, 1955, the three of them took a ride in defendant's automobile. The next day the two boys went to the defendant's office after school where

they stayed until 5:00 p.m., after which they went with defendant to the home of the prosecuting witness where defendant was introduced to the parents of the boy. The understanding was that the prosecuting witness should stay at the apartment of defendant that night. That was the night the crime was committed according to the evidence of the accomplice. Later that evening they left the home of the parents in defendant's car and the prosecuting witness' boy companion was "dropped off" at the theatre. After the show the boy companion went to defendant's apartment, arriving there late in the evening. As he said: "It was ten or eleven, somewhere around there, I ain't sure."

He found defendant and the prosecuting witness in the same bed and both were sleeping. He went to sleep in the front room on the davenport. The next night prosecuting witness stayed at the home of his parents. The following evening, shortly after 5:00 p.m., defendant again went to the home of the parents of the prosecuting witness and told the boy's mother that he was going to Butte the next day and wanted the boy to accompany him. This the boy did. Defendant wrote out an excuse for the boy to present to the school authorities accounting for his absence from school, stating that it was due to illness. When defendant rented his apartment he stated to the landlady that he wanted either a young man or boy to stay with him to help with the driving in case he was called at night. Defendant was asked by the landlady if he needed another bed, and he replied that "it would be all right as it was."

The evidence asserted by the state as corroborative of the accomplice's testimony does nothing more than to show opportunity on the part of defendant to have committed the crime, and to raise a suspicion that he did so, but this is not sufficient. State v. Jones, 95 Mont. 317, 26 Pac. (2d) 341; and State v. Keckonen, 107 Mont. 253, 84 Pac. (2d) 341.

It is true as the state contends that the corroboration need not be sufficient to connect defendant with the commission of the crime; it is sufficient if the corroborating evidence tends to do so. But where the "facts and circumstances relied upon for

corroboration are as consistent with innocence as with guilt, a conviction on the testimony of an alleged accomplice must be set aside.'' State v. Jones, supra [95 Mont. 317, 26 Pac. (2d) 343].

The court did not err in granting the motion for new trial. The order appealed from is affirmed.

MR. JUSTICE BOTTOMLY, concurs.

MR. CHIEF JUSTICE ADAIR, dissented.

MR. JUSTICE ANDERSON, not participating.

MR. JUSTICE DAVIS: (concurring specially).

The order granting a new trial below is general and was made by the district judge who presided at the trial, saw the witnesses and their demeanor on the stand, and heard their testimony given. In these circumstances this court on this record may not reverse that order, as I see the case. State v. Schoenborn, 55 Mont. 517, 179 Pac. 294. Accordingly I affirm the order for a new trial from which this appeal is taken.

But I do not agree with the majority that the evidence before the jury is insufficient to corroborate the testimony of the alleged accomplice consistent with R.C.M. 1947, section 94-7220. In other words, in my opinion there is competent, credible and substantial evidence in this record which tends to connect the defendant with the commission of the offense charged without the aid of the testimony of the boy, who was at the trial court charged an accomplice. Hence I think the issue of the defendant's guilt or innocence upon the record before me is for the jury, and that the case should be submitted to them. Conversely, upon that evidence I think the trial court would be in error were he to take the case from the jury upon a retrial of the cause. Accordingly, insofar as the court's opinion conflicts with my view upon this issue, I dissent.