No. 14551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA,

   Plaintiff and Respondent,

 -vs-

DAVE KEMP,

   Defendant and Appellant.

---

Appeal from: District Court of the Sixth Judicial District,
      Hon. LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

 For Appellants:

   Berger, Anderson, Sinclair & Murphy, Billings, Montana
   Richard Anderson argued, Billings, Montana

For Respondents:

   Mike Greely, Attorney General, Helena, Montana
   Mary B. Troland argued, Helena, Montana
   Bruce E. Becker, County Attorney, Livingston, Montana

---

        Submitted: April 30, 1979

        Decided: JUL 3 1979

  JUL 3 1979

Filed:

_Thomas J. Kearney_
       Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant appeals from a conviction for sale of dangerous drugs, methamphetamines, after jury trial in Park County District Court.

Defendant was charged with selling methamphetamines to Katherine Schott on March 16, 1977 in Livingston, Montana. The State's principal witness at defendant's trial was Ms. Schott, an admitted accomplice, former drug addict and immunized witness.

The following facts are reconstructed from her testimony. In March 1977, defendant agreed to sell her $12,000 worth of methamphetamines and she, being unable to finance the transaction, contacted various persons to participate in the deal, including a Bill Knutson from North Dakota. Knutson, according to Ms. Schott, was to wire $600 to defendant's Livingston bank account. On March 16, 1977, Ms. Schott flew by chartered plane from Helena (her home town) to Billings, picked up one of the participants, then on to Livingston where they checked into the Sandarosa Motel. She later contacted Robert Logan, her common law husband, and asked him to join her in Livingston.

During the evening of March 16, defendant allegedly came to her room with a sample of the drugs to be sold. After testing for quality, Ms. Schott gave defendant the money and defendant left, returning a few hours later with a one pound sack of methamphetamines.

The following day defendant allegedly returned to the motel room to purchase back an ounce of the drugs for himself. Ms. Schott left Livingston shortly thereafter, going with Robert Logan to Bozeman, where she entrusted her share of the drugs to Timothy VanLuchene for safekeeping. It was through

-2-

the subsequent search of VanLuchene's home in Three Forks that Ms. Schott's involvement with drugs became known to the police.

After her arrest, Ms. Schott made several statements, under oath, to the investigative authorities. She did not implicate the defendant in these early statements, but later in a deposition before the Park County Attorney she did. Defendant was arrested and charged with the March 16, 1977 methamphetamine sale. He pleaded not guilty.

At trial, Ms. Schott testified that she had other drug dealings with defendant during the two months preceding the methamphetamine transaction. In January 1977, in Livingston, she allegedly sold a "rock" of cocaine to the defendant and was paid with the proceeds of a check from Portia Fonda to defendant. In February 1977, in Helena, Ms. Schott allegedly purchased a small quantity of amphetamines from the defendant. Ms. Schott's testimony as to both these events was received over objection.

Only Robert Logan, Ms. Schott's common law husband and admitted accomplice to the charge, testified in corroboration of defendant's involvement in any of these events. VanLuchene testified that he took possession of a quantity of Ms. Schott's methamphetamines on March 17, 1977. Richard Daem, a Livingston banker, testified to the $600 money wire from Knutson of North Dakota to defendant on March 17, 1977. Other witnesses' testimony indicated that a deal involving Ms. Schott was made on the night of March 16, 1977, but defendant was not implicated.

The only other evidence suggesting defendant's complicity in the March 16 drug deal was Ms. Schott's ledger book and her address book. Neither document was identified or authenticated by an independent witness. The ledger book contained a page which purportedly listed, by code names, the contributors and their respective shares in the drug purchase. Ms. Schott

-3-

testified that an entry "B. J. will wire $600 to First Security Bank direct to you" referred to Knutson's money wire to the defendant. The address book contained the names of both the defendant and Richard Daem. Daem's name was incorrectly spelled "Daiem". Daem later testified that the original transfer from Knutson to the defendant likewise mispelled his name.

On June 29, 1978, the jury returned a verdict of guilty, and the defendant was subsequently sentenced to ten years in prison with five years suspended.

Though defendant has raised other issues, we determine that as a matter of law the testimony of the accomplices was not adequately corroborated.

It should be noted at the outset that, insofar as the record discloses, the State's case against the defendant was based on statements given by Ms. Schott who turned State's evidence in exchange for immunity from prosecution. Since her consent to cooperate stemmed from a desire to avoid prosecution, she cannot be said to be without motive to fabricate. This factor, coupled with her status as an admitted accomplice to the charge, renders the information she provided particularly suspect.

Section 95-3012 (formerly section 94-7220), R.C.M. 1947, now section 46-16-213 MCA provides:

> "Testimony of person legally accountable. A conviction cannot be had on the testimony of one responsible or legally accountable for the same offense, as defined in 95-2-106, unless the testimony is corroborated by other evidence which in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

-4-

The sufficiency of evidence necessary to corroborate accomplice testimony is a question of law. State v. Standley (1978), ____ Mont. ____, 586 P.2d 1075, 1078, 35 St.Rep. 1631, 1635; State v. Perry (1973), 161 Mont. 155, 161, 505 P.2d 113, 117. In defining the quantum and character of proof required to corroborate accomplice testimony, a substantial body of caselaw has evolved.

To be sufficient, corroborating evidence must show more than that a crime was in fact committed or the circumstances of its commission. State v. Keckonen (1938), 107 Mont. 253, 263, 84 P.2d 341, 345. It must raise more than a suspicion of the defendant's involvement in, or opportunity to commit, the crime charged. State v. Gangner (1957), 130 Mont. 533, 535, 305 P.2d 338, 339. But corroborative evidence need not be sufficient, by itself, to support a defendant's conviction or even to make out a prima facie case against him. State v. Ritz (1922), 65 Mont. 180, 186, 211 P. 298, 300; State v. Stevenson (1902), 26 Mont. 332, 334, 67 P. 1001, 1002. Corroborating evidence may be circumstantial (State v. Harmon (1959), 135 Mont. 227, 233, 340 P.2d 128, 131) and can come from the defendant or his witnesses. State v. Phillips (1953), 127 Mont. 381, 387, 264 P.2d 1009, 1012.

With these principles in mind, each case must be examined on its particular facts to determine if the evidence tends, in and of itself, to prove defendant's connection with the crime charged.

One accomplice cannot supply the independent evidence necessary to corroborate another accomplice. State v. Bolton (1922), 65 Mont. 74, 88, 212 P. 504, 509; 30 Am.Jur.2d Evidence §1156. Hence, the testimony of Robert Logan, Ms. Schott's common law husband and admitted accomplice to the charge, cannot be regarded as corroborative.

-5-

Apart from the testimony of Ms. Schott and Logan, the accomplices, the State's case consisted of: Sandarosa Motel records that place Ms. Schott in Livingston on March 16, 1977--the night the deal was allegedly made; VanLuchene's testimony that he received a quantity of methamphetamines from Ms. Schott in Bozeman on March 17; the testimony of Daem, the Livingston banker, that a $600 money wire was effected from Knutson of North Dakota to the defendant on March 17; Ms. Schott's ledger book which contained a reference to the $600 money wire; Ms. Schott's address book which allegedly contained defendant's code name and phone number and the banker's name (Daem); and the fact that Daem's name was mispelled "Daiem" both on the original $600 money wire and in Ms. Schott's address book.

The motel records and VanLuchene's testimony amount to no more than evidence relating to the commission and circumstances of a crime and do not implicate defendant in the least. Daem's testimony regarding the $600 money wire depended for its relevancy upon the testimony of Ms. Schott, an accomplice. She alone made the connection between the $600 money wire and the alleged drug deal of the day before. Similarly, the ledger and address book each depended for their relevancy, as well as their authenticity, upon the testimony of Ms. Schott. Documentary evidence which depends for its relevancy or authenticity upon the testimony of an accomplice will not suffice as corroboration. "To hold otherwise would be to say that the accomplice may corroborate himself." Annot., 96 A.L.R.2d 1185, 1188; People v. Cona (N.Y.App. 1978), 401 N.Y.S.2d 239, 243. The coincidental mispellings of Daem's name may suggest that Ms. Schott initiated the $600 money wire, yet no evidence, aside from her testimony, tends to connect this transaction with the crime.

-6-

Certainly, the contemporaneousness of the money wire and the alleged drug deal casts a cloud of suspicion over the defendant. Nonetheless, "where the claimed corroboration shows no more than an opportunity to commit a crime and simply proves a suspicion, it is not sufficient corroboration to justify a conviction upon the testimony of an accomplice." Standley, 586 P.2d at 1077. It was not the defendant's burden to prove he had no connection with the crime. The burden was on the prosecution to produce corroborating evidence which, of itself and without aid or direction from the accomplices' testimony, connected the defendant with the crime charged. People v. Robinson (Cal. 1964), 38 Cal.Rptr. 890, 907, 392 P.2d 970, 987. Here, the prosecution did not meet this burden.

Without sufficient corroboration, a conviction that rests on the testimony of an accomplice cannot stand. Defendant's conviction is reversed and the cause ordered dismissed.

_____
                          Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
              Justices

-7-