No.   89-506

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

     Plaintiff and Respondent,

  -v-

WILLIAM KACZMAREK,

     Defendant and Appellant.

APPEAL FROM:  District Court of the Ninth Judicial District,
In and for the County of Toole,
The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     James A. Johnson; Johnson & Hunt; Shelby, Montana

     For Respondent:

     Hon. Marc Racicot, Attorney General; John Paulson,
Asst. Atty. General; Helena, Montana

     Rae Kalbfleisch, County Attorney; Merle G. Raph,
Deputy Co. Atty.; Shelby, Montana

Submitted on Briefs:  May 24, 1990

Decided:  July 12, 1990

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Defendant William Kaczmarek appeals the judgment of the Ninth Judicial District Court, Toole County, convicting him of burglary. We affirm.

Kaczmarek raises the following issues on appeal:

(1)  Did the District Court properly refuse to direct a verdict for the defendant on the grounds the accomplice's testimony that formed the basis of the conviction was not sufficiently corroborated by other witnesses?

(2)  Is there sufficient evidence to support the conviction of burglary?

(3)  Did the District Court err in denying the defendant's request for a court order allowing the defense to call the accomplice's probation officer as a character witness?

(4)  Was the defendant substantially prejudiced by the District Court's comments concerning the sufficiency of the corroborating evidence?

During the early morning hours of March 31, 1988, the residence of Frances Jones in Shelby, Montana was burglarized. Daniel Malloy was arrested, charged and pled guilty to the burglary and implicated William Kaczmarek as his accomplice. Kaczmarek was charged with burglary and was tried and convicted.

At trial, the prosecution presented four witnesses:  Malloy, Frances Jones, Officer John Abrahamson, and Amber Brandt.  The victim, Frances Jones testified how she found her home the day after the burglary and what items were missing; she was absent when

2

the burglary was committed. She testified that when she came home every light in the house was on and that several of her possessions had been taken.

Malloy testified that he was with Kaczmarek during commission of the crime. He testified that he was unable to enter the home after breaking a front door window and encountering a second door. He then went to the side of the house, broke out a bedroom window, entered through that window, turned on the lights and let Kaczmarek in the front door.

Once inside, Malloy testified that he loaded up some items but that he did not actually see Kaczmarek take anything, although he did see him force open a cedar chest and rummage through the victim's belongings.

Following his arrest, Malloy stated to Officer Abrahamson that he was willing to name his accomplice but first he wanted to talk with the County Attorney. According to Officer Abrahamson's notes at a later meeting with the County Attorney "the first thing Dan asked Rae was what kind of sentence he would receive if he would give the name of his accomplice." Malloy was advised that sentencing was up to the court but nevertheless it would be better if he gave the information voluntarily without trying to make some kind of deal.

Amber Brandt, who lives across the street from the Jones' residence, also testified. She stated that at the time of the burglary she saw a white Ford Granada pull up to the residence and two men get out of the car, one being a relatively large man and

3

one with a smaller build. She did not see their faces. Later that morning at a farm auction she observed what she believed was the same vehicle and an individual whose build matched the general description of one of the men she had seen at the Jones' residence the previous night. Later that evening, after hearing about the burglary, she reported her observations to the police. Brandt then picked Kaczmarek's picture from a photo lineup as the individual she saw driving a white Ford Granada at the auction. While she could not positively identify the defendant or his vehicle as the ones she observed at the crime scene, she testified that it was the similar nature of the car she saw at the auction---Brandt apparently owned one of two white Ford Granadas in Shelby---that triggered her suspicion.

At trial, Kaczmarek moved for a directed verdict on the grounds that the State did not offer sufficient independent testimony to corroborate the testimony of the accomplice Malloy. The court, noting that the issue was close, denied the motion but stated that if a conviction were returned it would reconsider the issue. Kaczmarek alleges that this statement by the District Court influenced him not to take the stand and testify on his own behalf.

Kaczmarek also moved the District Court to allow him to call Malloy's probation officer as a character witness on rebuttal. The court also refused this motion. Kaczmarek now appeals raising the issues cited above.

I.

As his first issue, Kaczmarek contends that there is

4

insufficient testimony to corroborate the testimony of the accomplice. Section 46-16-213, MCA, requires corroboration of an accomplice's testimony by "other evidence which in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense <u>tends to connect the defendant with the commission of the offense</u>. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." Section 46-16-213, MCA. We have summarized in prior cases the guidelines for testing the sufficiency of corroborating evidence:

> To be sufficient, corroborating evidence must show more than that a crime was in fact committed or the circumstances of its commission. It must raise more than a suspicion of the defendant's involvement in, or opportunity to commit, the crime charged. But corroborative evidence need not be sufficient, by itself, to support a defendant's conviction or even to make out a <u>prima facie</u> case against him. <u>Corroborating evidence may be circumstantial and can come from the defendant and his witnesses</u>.

State v. Kemp (1979), 182 Mont. 383, 387, 597 P.2d 96, 99. (Emphasis added.) [Citations omitted.] Corroborating testimony is viewed in a light most favorable to the State. State v. Conrad (Mont. 1990), 785 P.2d 185, 187, 47 St.Rep. 32, 34. The corroborating evidence need only <u>tend to connect</u> the defendant with the crime charged and need not extend to every fact to which the accomplice testifies. <u>Conrad</u>, 785 P.2d at 187, citing State v. Ungaretti (Mont. 1989), 779 P.2d 923, 925, 46 St.Rep. 1710, 1713. Thus, corroborating evidence is not insufficient merely because it is circumstantial, disputed, or possibly consistent with innocent conduct; it is the jury's duty to resolve such factual questions.

5

State v. Cain (1986), 221 Mont. 318, 321, 718 P.2d 654, 656-657.

The case relied on by defendant, State v. Case (1980), 190 Mont. 450, 621 P.2d 1066, is distinguishable from the case at bar. In Case, we noted that corroborative evidence must clearly (1) be independent, (2) point toward the defendant's guilt, and (3) provide a legally sufficient connection between the defendant and the offense. Case, 621 P.2d at 1070; see also Civil Procedure and Evidence, Montana Supreme Court Survey, 41 Mont.L.Rev. 293, 312-319 (1980). We held there that the State failed to produce any corroborative evidence because all the testimony presented as corroborative failed this test.

Here, albeit circumstantial, the evidence meets this three part test. Kaczmarek admitted to deputy Abrahamson that he and Malloy were driving his white Ford Granada around Shelby the night of the crime. Amber Brandt testified that a white Ford Granada containing two men, one whose build matched the defendant's, drove up and parked outside the victim's house. She later saw Kaczmarek driving a white Ford Granada the next day. While there is no direct proof apart from Malloy's testimony that Kaczmarek accompanied him during the burglary, there is sufficient independent circumstantial evidence consistent with Malloy's version of the facts to corroborate his testimony and tending to establish Kaczmarek's guilt.

## II.

Related to the issue of sufficient corroboration, Kaczmarek

contends that the evidence is insufficient to support the conviction of burglary. We disagree.

The proper standard of review for sufficiency of the evidence in a criminal case is "whether, after viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Gommenginger (Mont. 1990), 790 P.2d 455, 461, 47 St.Rep. 681, 687; State v. Krum (Mont. 1989), 777 P.2d 889, 891, 46 St.Rep. 1334, 1336.

The State was required to prove that Kaczmarek knowingly entered or remained unlawfully in an occupied structure with the purpose to commit an offense therein. Section 45-6-204(1), MCA. Having determined that the accomplice's testimony was sufficiently corroborated by the testimony of Brandt and the defendant himself, the testimony of Malloy sufficiently establishes the essential elements of burglary in this case. Malloy testified that it was Kaczmarek's idea to burglarize the Jones' residence. Kaczmarek entered the house with him and rummaged through the victim's belongings and broke into a cedar chest. Clearly, a rational jury could have found the defendant guilty of burglary.

## III.

Kaczmarek also contends that the District Court erred in refusing to allow him to call Jerry Skiba, Malloy's former probation officer as a rebuttal witness for the purpose of proving Malloy's character for untruthfulness. He argues that such testimony is admissible pursuant to Rule 608, M.R.Evid.

7

We need not address whether the testimony is admissible under this rule. Although the trial judge did not state the reasons for his ruling, the prosecution objected to the testimony in part on the ground that no notice was given to the prosecution pursuant to the discovery order and thus Skiba was a surprise witness. The State listed accomplice Malloy as a witness when it filed the information commencing this prosecution. Thus, the defendant had notice from the outset that Malloy was likely to testify against him and therefore had ample time to secure witnesses for the purpose of discrediting Malloy's testimony.

Furthermore, the District Court granted the State's motion for discovery filed pursuant to § 46-15-323, MCA, on February 1, 1989, and ordered the defendant to disclose to the State the names and addresses of all persons, other than the accused, who were to be called as witnesses by the defense at trial. At the omnibus hearing on March 9, 1989, the defendant agreed to provide the State with a complete list of all defense witnesses with their addresses and statements ten days prior to trial. Kaczmarek failed to comply with these orders with respect to calling Skiba as a witness. Section 46-15-323(4), MCA, also requires a defendant to provide the prosecutor with the names of defense witnesses within 30 days after arraignment or at such later time as the court may for good cause permit. Moreover, the district court may preclude a defendant from calling a witness if he has failed to comply with the disclosure provisions set forth in §§ 46-15-321 through 329, MCA, or any order issued pursuant thereto. Section 46-15-329, MCA;

8

State ex rel Carkulis v. District Court (1987), 229 Mont. 265, 746 P.2d 604. Imposition of such sanctions is within the sound discretion of the district court and will not be overturned absent a clear abuse of discretion. State v. Waters (1987), 228 Mont. 490, 495, 743 P.2d 617, 621. Here, Kaczmarek did not offer any reason why pretrial disclosure was not made. The District Court did not abuse its discretion in denying Kaczmarek's motion to call Skiba as a witness.

## IV.

Finally, Kaczmarek argues that he was substantially prejudiced by the following comments made by the District Court:

> There are thousands of Granadas made, I suppose, but I guess only two of them in Shelby. There's no evidence who owns this Granada but apparently the testimony from Malloy is that he drove the car up there. And of course, the testimony is he drove the car to the auction. While it is indeed thin, I'm going to let the matter go to the jury on the matter of corroboration. We'll see what the jury does with it. If they, if a conviction's returned, I'll call for briefs and we'll . . . go over the evidence with a fined tooth comb as to whether the verdict should be set aside or not. But at this stage, I think there's enough testimony before the jury to get to the jury on the corroboration of the witness.

In an affidavit filed with this Court Kaczmarek alleges that these comments constitute a promise by the court to reconsider the sufficiency of the corroborating evidence and led him to choose not to take the stand and testify on his own behalf.

This contention lacks merit. The defendant failed to object to the District Court's determination of the issue after trial, thus the court's alleged failure to reconsider the issue cannot be raised as error on appeal. See §§ 46-20-104, 46-20-701, MCA. The

9

District Court was not required to reconsider the issue <u>sua</u> <u>sponte</u>. Defendant's decision must be regarded as trial strategy rather than a decision somehow influenced by the District Court's comments.

The defendant suffered no prejudice and there is sufficient evidence to sustain the conviction.

**AFFIRMED.**

_____
Justice

We Concur:

_____

_____

_____

_____
Justices