No. 97-661

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 203

296 Mont. 1

987 P.2d 1140

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RONALD J. ROOT,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Larry D. Mansch, Marcia M. Jacobson, Public Defender Office,

Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Carol Schmidt,

Assistant Attorney General; Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney; Robert

Zimmerman, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: July 8, 1999

Decided: August 30, 1999

Filed:

_____

Clerk


Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶Ronald J. Root (Root) appeals from the judgment and sentence entered by the Fourth Judicial District Court, Missoula County, on a jury verdict finding him guilty of the offense of sexual intercourse without consent. We affirm.

## ISSUES

1. ¶1. Did the District Court abuse its discretion in denying Root's motion for a continuance of the trial date?
2. ¶2. Did the District Court abuse its discretion in prohibiting testimony of Root's character and reputation at trial?

## BACKGROUND

1. ¶On July 30, 1996, the State of Montana (State) charged Root by information with the felony offense of sexual intercourse without consent. The District Court appointed counsel to represent him.
2. ¶Root pled not guilty at his arraignment. Thereafter, the parties filed an omnibus hearing memorandum requiring disclosure of witnesses within 30 days of the arraignment. In the memorandum, Root stated that he would raise the affirmative defense of consent. He also expressly indicated that he would not introduce evidence of good character. In his subsequent witness list, Root identified five witnesses, including Diana Stieger, who would testify at trial.

1. ¶The District Court scheduled Root's trial for January 21, 1997. At the pretrial status conference, Root moved to vacate the trial date due to ongoing plea negotiations with the State. The court granted Root's motion, and the trial date was vacated. Plea negotiations were unsuccessful, however, and Root advised the District Court that the case would proceed to trial and that he waived his right to a speedy trial. The

District Court rescheduled the trial for March 4, 1997.

2. ¶On March 3, 1997, one day before the scheduled trial date, the District Court conducted a change of plea hearing. At the hearing, Root informed the court that he had again changed his mind and would not be changing his plea, he wished the matter to proceed to trial, he was requesting the removal of the public defender assigned to his case, and he was seeking private counsel to represent him at trial. The District Court postponed the trial date until March 11, 1997, ordered Root's court-appointed counsel to remain in the case until Root could obtain substitute counsel, and advised Root that in the event he retained private counsel, counsel would need to be prepared to go to trial on March 11, 1997.

3. ¶Root obtained private counsel and filed a notice of substitution of attorneys on March 6, 1997. In the notice of substitution, Root's new counsel expressly stated she was aware of the March 11 trial date and would be ready to proceed to trial that day.

4. ¶The trial proceeded as scheduled. At trial, Root attempted to introduce testimony from his neighbor, Diana Stieger, about his good character and reputation for nonviolence. The State objected to this testimony on the grounds that Root failed to disclose in the omnibus hearing memorandum that this witness would be called for this purpose. The District Court sustained the State's objection and disallowed the testimony.

5. ¶Root was found guilty as charged and sentenced to 30 years in the Montana State Prison. This appeal follows.

## DISCUSSION

1. ¶1. Did the District Court abuse its discretion in denying Root's motion for a continuance of the trial date?

2. ¶The District Court's authority to grant a continuance of trial in a criminal proceeding is codified at § 46-13-202, MCA, which states in pertinent part:

All motions for continuance are addressed to the discretion of the trial court and must be considered in the light of the diligence shown on the part of the movant. This section must be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the prosecution to a speedy trial.

1. ¶Our standard in reviewing a district court's denial of a motion for continuance is whether the district court abused its discretion. *State v. Morales* (1997), 284 Mont.

237, 240, 943 P.2d 1286, 1288.

2. ¶Root contends that the District Court abused its discretion in failing to continue the trial so that new counsel would have sufficient time to prepare a defense. Root also contends that, although he did not formally move the District Court for a continuance of his trial date, this request was implied when he informed the court on March 3, 1997, that he would be seeking new counsel. Further, this request was effectively denied by the District Court when it ordered that "even should he obtain private counsel, this case will proceed to trial as scheduled and his counsel must be prepared to proceed to trial." In the alternative, Root contends that the District Court erred in failing to grant a continuance on its own motion in the interests of justice and fair play.

3. ¶The State responds that because Root never formally moved the District Court for a continuance of the March 11, 1997, trial date, the issue was not properly raised in the District Court. As a result, the State argues, this issue was not properly preserved for appeal.

4. ¶Our review of the record shows that the District Court rescheduled Root's trial date from March 4, 1997, to March 11, 1997, during the change of plea hearing on March 3, 1997. Therefore, the underlying premise of Root's argument fails because the District Court, either on its own motion or by granting what it deemed to be a motion for continuance, did postpone Root's trial for an additional week upon learning that Root was seeking substitute counsel.

5. ¶Moreover, Root did not move the District Court for a further continuance beyond the March 11, 1997, trial date. We will not put a trial court in error on an issue raised by a party on appeal where it was not given the opportunity to address the issue. *State v. Rodgers* (1993), 257 Mont. 413, 419, 849 P.2d 1028, 1032. Finally, Root's counsel stated at the outset of the trial that she was ready to proceed.

6. ¶For these reasons, we conclude that Root has failed to establish error by the District Court in this regard.

7. ¶Did the District Court abuse its discretion in prohibiting testimony of Root's character and reputation at trial?

8. ¶Root contends that the District Court erred in refusing to allow Diana Stieger to testify at trial regarding his good character and reputation for nonviolence. The State responds that, because Root failed to disclose that this witness would provide character testimony at trial, the court did not err in excluding the testimony.

9. ¶Section 46-15-323(2), MCA, requires a defendant to provide the prosecutor with a written notice of the defendant's intention to introduce evidence of good character at trial. In addition, as set forth above, Root expressly indicated in the omnibus hearing

memorandum that he did not intend to introduce evidence of good character at trial.

10. ¶The district court may preclude certain testimony if the defendant fails to comply with the disclosure provisions set forth in §§ 46-15-321 through -329, MCA, or any order issued pursuant thereto. Section 46-15-329, MCA; *State v. Kaczmarek* (1990), 243 Mont. 456, 462, 795 P.2d 439, 443. The imposition of such a sanction for failure to comply with statutory or court-ordered disclosure provisions is within the sound discretion of the district court and will not be overturned absent a clear abuse of discretion. *See Kaczmarek*, 243 Mont. at 462, 795 P.2d at 443.

11. ¶Root urges that the reason he failed to disclose his intention to present evidence of his good character at trial is that his trial counsel was not the same counsel who executed the omnibus hearing memorandum and trial counsel had so little time in which to prepare that the District Court should have overlooked this "technicality." While we agree that the court could have allowed the testimony on that basis, it was not required to do so.

12. ¶We hold that the District Court did not abuse its discretion in prohibiting Stieger's testimony regarding Root's good character and reputation for nonviolence.

13. ¶Affirmed.


/S/ KARLA M. GRAY


We concur:


/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER