No. 03-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 218N

IN RE THE MARRIAGE OF

XIN XU,

        Petitioner and Appellant,

   and

PIN-XIAN XU,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDR 2002-455,
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Xin Xu, pro se, Great Falls, Montana

        For Respondent:

            Christopher J. Gillette, Church, Harris, Johnson & Williams, P.C.,
Great Falls, Montana

Submitted on Briefs:  January 14, 2004

Decided:  August 17, 2004

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Xin Xu (Xin), pro se, appeals the order dated July 15, 2003, in the Eighth Judicial District Court, Cascade County, dissolving his marriage to Pin-Xian Xu (Pin). We affirm the order.

¶3 Xin raises ten issues on appeal. However, Xin cites no authority whatsoever for issues 2 through 8 and 10. Therefore, we will not consider those issues. *See* Rule 23(a)(4), M.R.App.P.; *In re Marriage of Clark*, 2003 MT 168, ¶ 25, 316 Mont. 327, ¶ 25, 71 P.3d 1228, ¶ 25. In Issue 1, Xin accuses Pin of perjury, an issue he did not raise at trial. The Supreme Court generally will not address an issue raised for the first time on appeal because a district court cannot be placed in error for something which it never had the opportunity to decide. *In re Marriage of Gerhart*, 2003 MT 292, ¶ 31, 318 Mont. 94, ¶ 31, 78 P.3d 1219, ¶ 31. In his remaining issue, Xin argues that the trial court erred in calculating the child support payments Xin is to pay. However, Xin stipulated at trial to the child support calculation, failing to preserve this issue for appeal and leaving him no cause to complain to this Court. "We will not put a trial court in error on an issue raised by a party on appeal

where it was not given the opportunity to address the issue." *State v. Root*, 1999 MT 203, ¶ 17, 296 Mont. 1, ¶ 17, 987 P.2d 1140, ¶ 17.

¶4    Pin raises one issue on cross-appeal: Should this Court award Pin attorney fees for costs incurred in responding to this appeal? Though Xin's arguments fail, Pin cites to no authority for her request for fees, and further, we do not believe this is a case where an award of attorney fees is appropriate.

¶5    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER