JUSTICE COTTER
dissents.
¶38 I dissent. I would conclude there was insufficient evidence upon which a rational trier of fact could have found the essential elements *128 of the crime of conspiracy to commit robbery beyond a reasonable doubt.
¶39 The elements of the crime of conspiracy are set forth in § 45-4-102(1), MCA. The statute provides in pertinent part:
(1) A person commits the offense of conspiracy when, with the purpose that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement has been committed by him or by a coconspirator.
First, there was a total failure of proof that any “act in furtherance” of the conspiracy was committed. However, as the parties did not raise this issue, I proceed to address the Court’s rationale for affirming Marler’s conviction. In this connection, I submit that we cannot accept all of the “corroborating facts” upon which the Court relies, and if we accept those facts the jury was entitled to consider, there was wholly insufficient evidence independent of the coconspirators’ testimony to establish that Marler agreed with others to commit the offense of robbery.
¶40 I disagree with the Court’s assertion at ¶ 35 that “we too” must consider McMunn a non-accomplice when undertaking a review of Marler’s motion for a directed verdict. The problem is that we are alone in our determination that McMunn is a non-accomplice. In this regard, the District Court record is instructive.
COURT: [Ijnsofar that the State is relying on the testimony of Ms. Wilson and Mr. McMunn to corroborate or establish the involvement or linkage between Mr. Marler and this conspiracy, those people are co-conspirators on the evidence that we have.
COURT: Before we get to what [defense counsel] has to say about [the status of McMunn], let me tell you why it seems to me that that is the case on this evidence, is that Ms. Wilson testified squarely and unequivocally that Mr. McMunn, as well as Mr. Marler, were involved in this substantially from very early on, and that they were, in her words, “down with it,” and in [the prosecutor’s] words, “completely on board with it.”
And Mr. McMunn has denied that. And that’s a question of fact, I guess, for the jury that I don’t need to resolve nor can I resolve it here at the moment.
But there’s certainly evidence that is strong here that Mr. McMunn was, in fact, a co-conspirator, notwithstanding his denial.
*129 Given that the District Court did not presume McMunn to be a non-accomplice, we should not be premising our analysis upon such a presumption.
¶41 In reviewing the District Court’s denial of Marler’s motion “our review is limited to whether any rational trier of fact, in viewing the evidence in the record in the light most favorable to the prosecution, could have found that [McMunn] was not implicated in the commission of those crimes, and that therefore [his] testimony required no further corroboration.” Blackcrow, ¶ 23. Here, I find the Court’s assumption that McMunn is a non-accomplice difficult to accept, not only given the record as set forth above, but also given the fact that the evidence upon which the Court relies to prove the existence of the conspiracy also directly implicates McMunn as part and parcel of that conspiracy. The Court asserts that the cell phone pictures are proof of the existence of a conspiracy; McMunn is in those pictures in a manner indicating his membership in the “Modern Outlaws.” Opinion, ¶ 29. Moreover, another co-conspirator, Wilson, testified that McMunn was involved in the conspiracy. Opinion, ¶ 33. Indeed, as noted by the District Court, the prosecution itself believed that McMunn was a part of the conspiracy. Upon what specific evidence, then, does the Court assume that McMunn was a non-accomplice? The only possible evidence to support this position is McMunn’s statement that he was not involved in the conspiracy.
¶42 In truth, the Court would have it both ways: On the one hand, the Court finds that cell phone images of Marler, McMunn, and Hadnott, and the statements made by McMunn, directly implicate Marler in a conspiracy. Opinion, ¶¶ 29,30. On the other hand, the Court examines exactly the same evidence to conclude that McMunn is not a part of this conspiracy based on his statements to the contrary. This analysis is inherently inconsistent.
¶43 It bears noting that the District Court did not ultimately ask the jury to make any determination regarding McMunn’s accountability, nor were any jury instructions given as to the ramifications of McMunn’s status as an accomplice or non-accomplice. Therefore, we don’t know how the jury viewed McMunn’s status-either it presumed that McMunn was an accomplice, thus precluding any lawful reliance upon his testimony to establish Marler’s guilt, or that he was not. In any event, because the District Court judge did not presume for purposes of the directed verdict that McMunn was a non-accomplice, neither should we. I therefore submit we have unwisely deviated from the considered approach we have applied to our review of motions for *130 a directed verdict under Blackcrow, and that we err by elevating McMunn to the status of a non-accomplice in order to justify our decision.
¶44 According to the Court, the remaining corroborative evidence against Marler (other than McMunn’s testimony) consisted of: (1) Marler and Wilson lived together and had plans to leave town (Opinion, ¶ 27); (2) Hadnott’s presence outside Kirkhart’s apartment (Opinion, ¶ 28); and (3) the cell phone images on Kirkhart’s phone (Opinion, ¶ 29). These “pieces of evidence” do not in any way “tend to connect the defendant” with the crime of conspiracy to commit a robbery. Section 46-16-213, MCA. While we have held that evidence that is “possibly consistent with innocent conduct” may suffice to corroborate accomplice testimony (Opinion, ¶ 23; Burkhart, ¶ 24), we have also cautioned that corroborating evidence “ ‘must raise more than a suspicion of the defendant’s involvement in, or opportunity to commit, the crime charged.’ ” Burkhart, ¶ 28 (quoting State v. Kemp, 182 Mont. 383, 387, 597 P.2d 96, 99 (1979)). The above evidence simply does not, under the most generous of conjectures, raise more than a suspicion that Marler was involved in a conspiracy to commit robbery.
¶45 That Marler lived with Wilson and was acquainted with the others, and even that he at one time possessed a gun-a gun never connected to the conspiracy-does not support more than a conclusion that Marler hung out with a rough crowd, held a gun for a photo, and liked to act like a tough guy. Such facts could indict hundreds of thousands of immature males; however, they barely support even “a suspicion” that Marler might have been involved in a conspiracy to commit robbery. Under our jurisprudence as set forth in Kemp and Burkhart, this is not enough. Therefore, I would conclude the District Court erred in denying Marler’s motion for a directed verdict of acquittal, and I would reverse his conviction. I dissent from our refusal to do so.
JUSTICES NELSON and LEAPHART join in the Dissent of JUSTICE COTTER.